■ WILFRED C. HOWLAND, Appellant, v. NYLA HOWLAND, Respondent.— Judgment insofar as appealed from unanimously modified in accordance with the Memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: This appeal, on an agreed statement of facts, is limited to the claim of the husband that the trial court erred in granting to the wife occupancy of the jointly owned home and in the allowances made to the wife for her support and to her attorney for his fees. The judgment required the husband to pay $35 per week plus one half the net carrying costs of the jointly owned home and allowed her attorney an additional counsel fee of $500, making his total compensation $750. It is stipulated that the husband's take-home pay is $86.50 per week. In the light of the financial condition of the husband, as set forth in the record before us, he should not be required to pay the wife more than $43.25 per week in full payment of his support obligation. The wife was properly permitted to occupy the jointly owned home (Watkins v. Watkins, 19 A D 2d 872). The additional allowance to the wife's attorney should be reduced by $250 so that the total payment for all of his services will be $500. The judgment should be modified by striking therefrom the paragraph ordering the husband to pay one half the net carrying costs of the home, by increasing the weekly allowance to the wife from $35 to $43.25, by reducing the additional allowance to her attorney from $500 to $250, and in all other respects the judgment is affirmed. (Appeal from certain parts of a judgment of Erie Trial Term granting defendant real property, support and counsel fees in a separation action.) Present— Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT A. NEUREUTER, Appellant.— Case held and matter remitted to Erie County Court, GAUGHAN, J., for further proceedings in accordance with the Memorandum: Memorandum: At a preliminary hearing conducted by the Trial Judge evidence was presented as to circumstances surrounding the taking of a statement from the defendant by police officers which required a finding by the Trial Judge not only as to voluntariness but also as to whether the defendant incriminated himself while being interrogated by the police in the absence of counsel after he had requested the aid of an attorney. (People v. Sanchez, 15 N Y 2d 387.) We remit the case to the County Court solely for a finding and determination upon the testimony presented at the preliminary hearing as to whether the defendant gave the statement offered in evidence while being interrogated by the police in the absence of counsel after he had requested the aid of counsel. (See People v. Michalski, 26 A D 2d 766.) (Appeal from judgment of Erie County Court convicting defendant of burglary, second degree, and petit larceny.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.